1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11  ISMAEL LARA,                         )        1:10-cv-00262-AWI-JLT HC
                                         )
12              Petitioner,              )        FINDINGS AND RECOMMENDATIONS TO
                                         )        SUMMARILY DISMISS PETITION FOR
13       v.                              )        WRIT OF HABEAS CORPUS (Doc. 1)
                                         )
14                                       )        ORDER DIRECTING THAT OBJECTIONS
    J. HARTLEY, Warden,                  )        BE FILED WITHIN TWENTY DAYS
15                                       )
                Respondent.              )
16  _____  )

17

18        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19  pursuant to 28 U.S.C. § 2254.

20        On February 17, 2010, Petitioner filed the instant petition for writ of habeas corpus.  (Doc. 1).

21  On March 18, 2010, the Court ordered Respondent to file a response to the petition.  (Doc. 4).  On

22  June 18, 2010, Respondent filed the Answer.  (Doc. 13).  On July 7, 2010, Petitioner filed his

23  Traverse.  (Doc. 14).

24        Petitioner challenges the California court decisions upholding a January 15, 2009, decision of

25  the California Board of Parole Hearings ("BPH").  Petitioner claims the California courts

26  unreasonably determined that there was some evidence that he posed a current risk of danger to the

27  public if released on parole and that the BPH's decision was arbitrary and was not based on "some

28  evidence" in the record.

1    I.  <u>Preliminary Screening of the Petition</u>.

2        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

3    if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

4    not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

5    The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any

6    attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4;

7    <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also</u> Hendricks <u>v. Vasquez</u>, 908 F.2d 490

8    (9th cir. 1990).  Habeas Rule 2( c) requires that a petition (1) specify all grounds of relief available to

9    the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested.  Notice

10   pleading is not sufficient; rather, the petition must state facts that point to a real possibility of

11   constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski</u>, 915 F.2d at

12   420.  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to

13   summary dismissal.  <u>Hendricks</u>, 908 F.2d at 491.

14       Further, the Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a

15   petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the

16   respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory

17   Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u> <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th

18   Cir.2001).

19   II.  <u>Failure to State a Claim Cognizable Under Federal Habeas Corpus</u>

20       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

21   1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

22   corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063

23   (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586

24   (1997).  The instant petition was filed on February 17,  2010, and thus, it is subject to the provisions

25   of the AEDPA.

26       Here, Petitioner alleges that he is an inmate of the California Department of Corrections and

27   Rehabilitation who is serving a sentence of seven years-to-life plus three years imposed in the San

28   Diego County Superior Court after Petitioner's 1991 conviction for attempted murder and assault

1    with a firearm.  (Doc. 1, p. 2).  Petitioner does not challenge either his conviction or sentence; rather,

2    Petitioner challenges the January 15, 2009 decision of the BPH finding him unsuitable for parole.

3        Petitioner raises the following grounds for relief: (1) No evidence exists to support the BPH's

4    determination that Petitioner poses a current danger if released; (2) Respondent failed to give

5    Petitioner an individualized consideration of all relevant factors at the parole hearing; (3) continued

6    reliance on the unchanging facts of the commitment offense deprives Petitioner of due process; and

7    (4) the state court adjudications upholding the BPH's decision are objectively unreasonable because

8    they are factually and legally incorrect under state and federal law.  (Doc. 1, pp. 6-7).

9        A.  <u>Substantive Due Process Claims And California's "Some Evidence" Standard</u>

10        As discussed more fully below, the claims in the petition sound exclusively in substantive

11    federal due process and therefore are not cognizable in these proceedings.

12        The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of

13    Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless

14    he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states that the federal courts

15    shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in

16    custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§

17    2254(a)(, 2241( c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); <u>Wilson v.</u>

18    <u>Corcoran</u>, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); <u>see also</u>, Rule 1 to the Rules Governing Section

19    2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of

20    habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v.</u>

21    <u>Rodriguez</u>, 411 U.S. 475, 484 (1973).  Furthermore, in order to succeed in a petition pursuant to 28

22    U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted

23    in a decision that was contrary to, or involved an unreasonable application of, clearly established

24    Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that

25    was based on an unreasonable determination of the facts in light of the evidence presented in the

26    State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

27        Because California's statutory parole scheme guarantees that prisoners will not be denied

28    parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held

1   that California law creates a liberty interest in parole that may be enforced under the Due Process

2   Clause. Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606 F.3d

3   606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), rev'd, Swarthout v.

4   Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011).  The Ninth Circuit instructed

5   reviewing federal district courts to determine whether California's application of California's "some

6   evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light

7   of the evidence. Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

8           On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v. Cooke,

9   562 U.S.___, ___ S.Ct. ___, 2011 WL 197627 (No. 10-133, Jan. 24, 2011).  In that decision, the

10   United States Supreme Court characterized as reasonable the decision of the Court of Appeals for the

11   Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth

12   Amendment's Due Process Clause, which in turn requires fair procedures with respect to the liberty

13   interest. Swarthout, 2011 WL 197627, *2.

14           However, the procedures required for a parole determination are the minimal requirements

15   set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct.

16   2100 (1979).[1]  Swarthout v. Cooke, 2011 WL 197627, *2.  In Swarthout, the Court rejected inmates'

17   claims that they were denied a liberty interest because there was an absence of "some evidence" to

18   support the decision to deny parole.  In doing so, the High Court stated as follows:

19           There is no right under the Federal Constitution to be conditionally released before the
            expiration of a valid sentence, and the States are under no duty to offer parole to their
20          prisoners. (Citation omitted.)  When, however, a State creates a liberty interest, the Due
            Process Clause requires fair procedures for its vindication–and federal courts will review the
21          application of those constitutionally required procedures.  In the context of parole, we have
            held that the procedures requires are minimal.  In Greenholtz, we found that a prisoner
22          subject to a parole statute similar to California's received adequate process when he was
            allowed an opportunity to be heard and was provided a statement of the reasons why parole
23          was denied.  (Citation omitted.)

24   Swarthout, 2011 WL 197627, *2.

25           The Court concluded that the petitioners had received the due process to which they were

26   _____

27           [1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting
    or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and
28   to be given a statement of reasons for the decision made.  Id. at 15-16.  The decision maker is not required to state the
    evidence relied upon in coming to the decision.  Id.

1  due:

2      They were allowed to speak at their parole hearings and to contest the evidence against them,
       were afforded access to their records in advance, and were notified as to the reasons why
3      parole was denied...

4      That should have been the beginning and the end of the federal habeas courts' inquiry into
       whether [the petitioners] received due process.
5

6  Swarthout, 2011 WL 197627, *3.  The Court went on to expressly point out that California's "some

7  evidence" rule is not a substantive federal requirement, and correct application of the State's "some

8  evidence" standard is not required by the federal Due Process Clause.  Id. at *3.  The Supreme Court

9  emphasized that "the responsibility for assuring that the constitutionally adequate procedures

10 governing California's parole system are properly applied rests with California courts, and is no part

11 of the Ninth Circuit's business."  Id.

12     Swarthout forecloses any claim premised upon California's "some evidence" rule because

13 this court cannot entertain substantive due process claims related to a state's application of its own

14 laws.  Here, Grounds One and Three in the petition sound exclusively in substantive due process and

15 are therefore foreclosed by Swarthout.  Review of the record for "some evidence," or for a "nexus"

16 between present dangerousness and certain indicia, or for the BPH's exclusive reliance upon the

17 unchanging circumstances of the commitment offense to support denial of parole, are simply not

18 within the scope of this Court's habeas review under 28 U.S.C. § 2254.  Accordingly, those claims

19 should be summarily dismissed.

20     Moreover, to the extent that these claims in the petition rest solely on state law, they are not

21 cognizable on federal habeas corpus.  Federal habeas relief is not available to retry a state issue that

22 does not rise to the level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. ___, 131

23 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991).  Alleged errors in

24 the application of state law are not cognizable in federal habeas corpus.  Souch v. Schiavo, 289 F.3d

25 616, 623 (9th Cir. 2002).  Indeed, federal courts are bound by state court rulings on questions of state

26 law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989).

27     B.  Individualized Consideration

28     In Ground Two, Petitioner seeks an individualized consideration of the criteria for release on

1  parole as set forth in state statutes and regulations.  However, as discussed supra, due process of law

2  requires only that Petitioner have an opportunity to be heard; it does not require any specific degree

3  of individualized consideration.  Accordingly, this claim must also be summarily dismissed.

4         C.  Claim That The BPH's Decision Was Objectively Unreasonable

5         In Ground Four, Petitioner alleges that the decision of the state court upholding the BPH's

6  decision was objectively unreasonable because it was factually erroneous and contrary to state and

7  federal law.  Again, to the extent that this claim is predicated on state law, it is not cognizable in

8  federal habeas proceedings and must be dismissed.  To the extent that Petitioner attempts to argue a

9  violation of the Federal Constitution's Due Process Clause, the preceding analysis applies and the

10  claim is foreclosed by the United States Supreme Court's decision in Swarthout.

11         D.  Procedural Due Process

12         Petitioner has neither claimed nor established a violation of his federal right to procedural

13  due process.    In his Answer, Respondent has included a copy of the BPH hearing transcript of

14  January 15, 2009.  (Doc. 13, Attach. 1, p. 49 et seq.).  From that transcript, it is clear that Petitioner

15  was present at the BPH hearing (id., p. 49), that he had an opportunity to be heard (see, e.g., id., pp.

16  82-96; Doc. 13, Attach. 2, pp. 23-28), that he was represented by counsel who also attended the

17  hearing and argued on Petitioner's behalf (id., Attach. 2, pp. 18-23), and that Petitioner received a

18  statement of the Board's reasons for denying  parole.  (Id., Attach. 2, pp. 28-44).

19         According to the Supreme Court, this is "the beginning and the end of the federal habeas

20  courts' inquiry into whether [the prisoner] received due process." Swarthout, 2011 WL 197627.

21  "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Therefore, the

22  instant petition does not present cognizable claims for relief and should be summarily dismissed.

23                              **RECOMMENDATION**

24         For the foregoing reasons, the Court HEREBY RECOMMENDS that the instant petition for

25  writ of habeas corpus (Doc. 1), be SUMMARILY DISMISSED for failure to state a claim upon

26  which federal habeas relief can be granted.

27         This Findings and Recommendation is submitted to the United States District Court Judge

28  assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of

1    the Local Rules of Practice for the United States District Court, Eastern District of California.

2    Within twenty (20) days after being served with a copy, any party may file written objections with

3    the court and serve a copy on all parties.  Such a document should be captioned "Objections to

4    Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

5    filed within ten (10) court days (plus three days if served by mail) after service of the objections.

6    The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

7    parties are advised that failure to file objections within the specified time may waive the right to

8    appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9

10   IT IS SO ORDERED.

11   Dated:   **March 1, 2011**                                          **/s/ Jennifer L. Thurston**

12                                                                        UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28